IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| vs. | : | |
| | : | |
| IBRAHEM JOHNSON | : | 25-368 |

**MEMORANDUM**

**Costello, J.**                                                           **April 17, 2026**

Defendant Ibrahem Johnson faces various charges in connection with three armed robberies in Philadelphia between May and June of 2025.  Mr. Johnson moved under Federal Rule of Criminal Procedure 14 to sever the counts arising from the first and third robberies from the counts arising from the second robbery.  For the reasons that follow, Mr. Johnson's motion is denied.

## I.    BACKGROUND

On August 21, 2025, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Mr. Johnson with three counts of robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a) (Counts One, Two, and Four).  The grand jury also returned charges against Mr. Johnson for using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Three and Five), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Six).

Count One charges Mr. Johnson with the armed robbery of a Family Dollar store in West Philadelphia on May 28, 2025.  Counts Two and Three charge Mr. Johnson with the armed robbery of a Rite Aid on June 8, 2025 in West Philadelphia.  Counts Four, Five, and Six charge

Mr. Johnson with the armed robbery of a different Family Dollar store on June 11, 2025 in Southwest Philadelphia.

Mr. Johnson moved to sever Counts Two and Three arising from the June 8, 2025 Rite Aid robbery. *See generally* ECF No. 33. Mr. Johnson argues that trying these claims in a single trial will result in "clear and substantial prejudice." *Id.* at 1. He contends that the Family Dollar robberies "have physical evidence and/or eyewitness testimony that connect Mr. Johnson to the crime scenes, but the [Rite Aid robbery] does not." *Id.* Mr. Johnson argues that permitting the jury to see the evidence linking him to the Family Dollar robberies will unfairly prejudice him and create an "impermissible inference that he must also be guilty" of the Rite Aid robbery. *Id.* at 2.

The Government opposed the motion. *See generally* ECF No. 36. The Government argues that there are key factual similarities between all three robberies that underscore "a common scheme and plan" necessitating that these counts all be tried together. *Id.* at 9-10. It rejects Mr. Johnson's contention that the case against him for the Rite Aid robbery is weaker than the case against him for the Family Dollar robberies. According to the Government, Mr. Johnson's motion omitted critical evidence linking him to the Rite Aid robbery, including SEPTA videos that track him from the scene, including a video showing Mr. Johnson's face after he removed his ski mask, and cellphone data placing him at the Rite Aid at the time of the crime. *Id.* at 10-11. Finally, the Government argues that Mr. Johnson has not identified how trying the counts together would yield "clear and substantial prejudice resulting in an unfair trial." *Id.* at 11-12 (quotations omitted).

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of the counts . . . or provide any other relief that justice requires."  When counts are properly joined under Federal Rule of Criminal Procedure 8[1], severance under Rule 14 is only appropriate where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *accord United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010).  This requires the moving party to "pinpoint clear and substantial prejudice resulting in an unfair trial."  *Riley*, 621 F.3d at 335 (quotations omitted).

Even when the moving party can identify a risk of substantial prejudice, "less drastic measures, such as limiting instructions, often will suffice" to cure that risk.  *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).  Courts "presume that the jury followed [any limiting] instructions" issued.  *United States v. Lore*, 430 F.3d 190, 206 (3d Cir. 2005).  Accordingly, instructing the jury to consider each count separately constitutes "'persuasive evidence that refusals to sever did not prejudice the defendant[.]'"  *Id.* (quoting *United States v. Urban*, 404 F.3d 754, 776 (3d Cir. 2005)).

---

[1] It is undisputed that all counts against Mr. Johnson were properly joined under Federal Rule of Criminal Procedure 8.  *See* ECF No. 33-1 at 5-6 ("Mr. Johnson concedes that all three robberies, all committed in Philadelphia, all committed within a two-week timeframe, all committed with a black handgun, all committed by a single offender wearing black clothing and carrying a bag, are of the 'same or similar' character.  As such, Rule 8(a) permitted the Government to charge the robberies in the same Indictment.").  Thus, the dispositive issue is whether severance is appropriate under Rule 14.

"The decision to sever under Rule 14 is a 'matter peculiarly within a trial court's discretion.'" *United States v. Dunbar*, 20cr424, 2022 WL 79622, at *3 (E.D. Pa. Jan. 7, 2022) (quoting *United States v. Rickey*, 457 F.2d 1027, 1030 (3d Cir. 1972)).

### III.    DISCUSSION

Mr. Johnson's arguments for severing the counts concerning the Rite Aid robbery from the counts concerning the Family Dollar robberies are unavailing.

Mr. Johnson's contention that there is no physical evidence connecting him to the Rite Aid robbery is belied by the factual record. *See* ECF No. 33 at 1-2. As the Government points out, a nearby store and a SEPTA station captured videos tracking him fleeing the scene of the robbery. ECF No. 36 at 10. Moreover, Mr. Johnson's face is visible on one of those videos. *Id.* Mr. Johnson's cell phone data also placed him at the Rite Aid at the time of the robbery. *Id.* Mr. Johnson also argues that the witness statement placing him at the Rite Aid robbery is faulty because the witness told a responding officer that the offender was approximately 6'1". ECF No. 33-1 at 6-7. But Mr. Johnson fails to mention that the witness was subsequently interviewed and said the offender was closer to 5'6", which is consistent with Mr. Johnson's height and the height listed in the crime scene log. ECF No. 36 at 10-11.

These facts undercut Mr. Johnson's theory of prejudice under Rule 14. The Government is not relying primarily on evidence from the Family Dollar robberies to connect Mr. Johnson to the Rite Aid robbery, as he argues. *See* ECF No. 33 at 1. There is independent evidence connecting him to the Rite Aid robbery that the jury can consider separate and apart from the evidence connecting Mr. Johnson to the Family Dollar robberies. Thus, there is no "risk of evidentiary spillover necessitating severance." ECF No. 33-1 at 7-8.

Even if Mr. Johnson was correct about there being a difference in the relative strength of the evidence connecting him to the Rite Aid robbery, "a defendant is not entitled to a severance solely on the basis that the evidence in regard to certain counts is more damaging than evidence in regard to other counts." *United States v. Bornman*, 559 F.3d 150, 156 (3d Cir. 2009). Indeed, Courts in this Circuit have rejected this argument in similar cases.

In *United States v. Green*, 563 Fed. App'x 913 (3d Cir. 2014), the defendant moved to sever three counts concerning separate armed robberies. He argued that "joinder was prejudicial because it allowed the government to combine its strongest evidentiary case . . . with its weaker evidentiary case"—the same argument Mr. Johnson raises here. *See Green*, 563 Fed. App'x at 917. The Third Circuit ruled that the District Court did not abuse its discretion in denying the motion to sever because the "jury could easily compartmentalize the evidence on each respective count by considering each incident separately." *Id.* at 918. Similarly, in *United States v. Torres*, 251 Fed. App'x 763 (3d Cir. 2007), the defendant argued that he was prejudiced by the District Court's refusal to sever several armed robbery charges because "the cases against him were 'weak' and . . . the Government would not have been able to obtain convictions in separate trials." *Torres*, 251 Fed. App'x at 764. The Third Circuit rejected this argument and affirmed the District Court's ruling, noting that there was independent evidence connecting the defendant to each crime. *Id.*

The same is true here. As discussed above, *supra* at 4, regardless of the relative strength of the Government's evidence against Mr. Johnson in connection with the Family Dollar and Rite Aid robberies, there is physical evidence connecting him to each. Under these circumstances, "the jury will likely not confuse the robberies and be able to compartmentalize the evidence on each charge." *United States v. Suggs*, 19cr00629, 2022 WL 2168356, at *4 (E.D. Pa. June 16,

2022), *aff'd sub nom. United States v. Passineau*, No. 24-1288, 2025 WL 1121572 (3d Cir. Apr. 16, 2025).  Thus, Mr. Johnson has failed to "pinpoint clear and substantial prejudice resulting in an unfair trial." *Riley*, 621 F.3d at 335 (quotations omitted).

Finally, any risk of prejudice from trying all counts together can be cured by an instruction directing the jury to consider each offense separately.  *See* ECF No. 36 at 13 (noting that the Third Circuit model jury instructions already provide this instruction).  The law presumes that the jury will follow this instruction.  *United States v. Kelley*, 19cr483, 2021 WL 601502, at *4-5 (E.D. Pa. Feb. 16, 2021).  Thus, issuing a jury instruction to consider each offense separately constitutes "persuasive evidence" that declining to sever the counts in this case will not prejudice Mr. Johnson.  *See Lore*, 430 F.3d at 206; *see also Torres*, 251 Fed. App'x at 764 (District Court did not abuse its discretion in denying motion to sever where court issued jury instruction to consider the evidence on each count separately).

## IV.    CONCLUSION

Mr. Johnson has failed to satisfy his burden of showing that failing to sever the counts against him would result in substantial prejudice that cannot be cured by a jury instruction.  Accordingly, his motion to sever is denied.

BY THE COURT

MARY KAY COSTELLO
United States District Judge

6